**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**EVERETT L. DAVIS,**                                                                          **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 2:07CV178-P-A**

**COMMISSIONER OF SOCIAL SECURITY,**                                                                          **DEFENDANT**


**MEMORANDUM OPINION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of

the decision of the Commissioner of Social Security denying the plaintiff's application for

disability insurance benefits (DIB) under Title II and supplemental security income (SSI)

benefits under Title XVI.  The court has jurisdiction over plaintiff's claims under 28 U.S.C. §

1331.

The plaintiff Everett L. Davis was born on March 6, 1947, and obtained his GED.  His

employment experience consists of work as a furniture store owner/manager. The plaintiff filed

his application for period of disability and disability insurance benefits on August 19, 2003 and

for Supplemental Security Income payments on August 7, 2007, alleging a disability onset date

of March 1, 2000.  Plaintiff's requests for benefits were denied at the initial and reconsideration

stages, and he sought timely review from an administrative law judge (ALJ).  The disabilities

plaintiff alleged included pulmonary disorders, neck and back disorders, diabetes mellitus, and

hypertension.  In an opinion dated August 22, 2005, the ALJ found the plaintiff was not under a

disability and denied his request for benefits. (R. 263).  After consideration, the Appeals Council

vacated the decision and remanded the case to the ALJ, directing him to update treating source

records; obtain a consultative examination and medical source statement from an internal medicine specialist; evaluate plaintiff's impairments singly and in combination under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985); evaluate plaintiff's subjective complaints under Social Security Ruling 96-7p; evaluate plaintiff's remaining residual functional capacity under SSR 96-2p, SSR 96-5p, 20 C.F.R. §§ 404.1527 & 416.927, making specific references to the supporting evidence in the record and re-contacting treating sources as appropriate; and, if warranted, obtain evidence from a vocational expert (VE) by propounding hypothetical questions which reflect plaintiff's specific capacities/limitations, inquiring whether there is work available to the plaintiff and seeking explanation of any conflicts between the VE's testimony and the Dictionary of Occupational Titles or the Selected Characteristics of Occupations. (R.274). The ALJ then held another hearing (R. 337) and issued a second decision on April 26, 2007, in which he found that plaintiff was not entitled to disability insurance benefits because he was not disabled before expiration of his insured status in December of 2002, but that plaintiff became disabled as of July 31, 2005 and was thus entitled to SSI benefits after that date. (R. 11). The Appeals Council denied review, and plaintiff timely appealed to this court.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2]

---

[1]*See* 20 C.F.R. §§ 404.1520 (1996) & 416.920 (1996).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

2

First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3]  Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1994).[5]  Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6]  If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

After the second hearing the ALJ issued a partially favorable opinion.  He found that plaintiff suffers from "severe" impairments in the form of spinal disorders, pulmonary disorders, diabetes, obesity and right eye blindness, but that these impairments failed to meet or equal a listed impairment under Appendix 1 to the Regulations.  He discounted the subjective complaints

---

[3]20 C.F.R. §§ 404.1520(b) (1996) & 416.920(b) (1996).

[4]20 C.F.R. §§ 404.1520(b) (1996) & 416.920(c) (1996).

[5]20 C.F.R. §§ 404.1520(d) (1996) & 416.920(d) (1996). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. §§ 404.1525 (1996) & 416.925 (1996).

[6]20 C.F.R. §§ 404.1520(e) (1996) & 416.920(e) (1996).

[7]20 C.F.R §§ 404.1520(f)(1) (1996) & 416.920(f)(1) (1996).

[8]*Muse*, 925 F.2d at 789.

of the plaintiff, finding that testimony of plaintiff and his son regarding impairments before August 1, 2005 was not credible as the great weight of medical evidence did not support the degree of pain and impairment claimed. The ALJ did, however, credit plaintiff's subjective complaints and testimony regarding his impairments for the period after August 1, 2005, as he found that objective medical evidence in the form of an MRI in August, 2005 presented significant deterioration from previous tests, and pulmonary tests conducted in May 2006 also indicated significant deterioration.

The ALJ concluded that after that date plaintiff could lift no more that ten pounds, could stand and walk for less than two hours, but could sit without restriction in an 8-hour work day, could push or pull only up to ten pounds, could only occasionally climb, balance, stoop, crouch, kneel, crawl, reach or handle, could not work around heights, with moving machinery or in environments of temperature extremes, dust, humidity, fumes, odors, chemicals or gases and had no right-sided peripheral vision. The ALJ denied his application for period of disability and disability income benefits and granted SSI from August 1 forward..

On appeal to this court the plaintiff contends that the ALJ should have granted plaintiff's application for DIB, which would have resulted in a substantially larger award. Plaintiff argues that the ALJ erred by failing to follow the Appeals Council's directives (1) to properly evaluate plaintiff's subjective complaints as provided in SSR 96-7p, (2) to re-contact plaintiff's treating physician Dr. Cain, (3) to evaluate Dr. Cain's opinions in comparison to consultative physicians in light of the six factors of § 404.1527(d) as required by *Newton v. Apfel*, 209 F.3d 448, 455-459 (5th Cir. 2000), (4) to consider plaintiff's impairments in combination and (5) to resolve conflicts with the DOT. Plaintiff also complains that the ALJ misstated certain parts of the record

regarding plaintiff's willingness to quit smoking.

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

I.      The ALJ erred in failing to follow the requirements of the Appeals Council in its Order remanding case

Plaintiff argues that the ALJ failed to follow the directives of the Appeals Council to "[f]urther evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR §§ 404.1529 and 416.929) and pertinent circuit case law and Social Security Ruling 96-7p." (Tr. 274). The Fifth Circuit has held that "[t]he ALJ 'must consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error." *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir. Unit A Sept. 1981)). Although it is within the ALJ's discretion to determine whether the plaintiff's pain is of a disabling nature, *Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir.1991), in the Fifth Circuit "[t]he ALJ is bound by the rules of this Court to explain his reasons for rejecting a claimant's complaints of pain." *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir.1994). The ALJ's

"determination or decision [regarding credibility] must contain *specific reasons* for the finding on credibility, *supported by the evidence* in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (emphasis added).

Social Security Ruling 96-7p was written to clarify the procedure to be used in assessing the credibility of a Social Security claimant's statements about symptoms and pain. *See Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims-Assessing the Credibility of an Individual's Statements,* SSR 96-7p, at * 1. The Ruling requires the ALJ to engage in a two-step process. In the first step, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the plaintiff's pain or other symptoms. *Id.* at * 2. If the ALJ determines there exists an underlying physical or mental impairment that could reasonably be expected to produce the plaintiff's pain, he must then evaluate the intensity, persistence, and limiting effects of his symptoms to determine the extent to which the symptoms limit his ability to do basic work activities. For this purpose, whenever the plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of his statements based on a consideration of the entire case record. SSR 96-7p, 1996 WL 374186, *2. That Ruling provides in part:

> When assessing the credibility of an individual's statements, the adjudicator must consider:
> (1) the individual's daily activities;
> (2) the location, duration, frequency, and intensity of the individual's pain

or other symptoms;
(3) factors that precipitate and aggravate the symptoms;
(4) the type, dosage, effectiveness, and side effects of any medication the
    individual takes or has taken to alleviate pain or other symptoms;
(5) treatment, other than medication, the individual receives or has received
    for relief of pain or other symptoms;
(6) any measures other than treatment the individual uses or has used to
    relieve pain or other symptoms; and
(7) any other factors concerning the individual's functional limitations and
    restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at [*]3; *see* 20 C.F.R. § 404.1529(c)(3)(I)-(vii). "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p, 1996 WL 374186, at [*]4. "All of the evidence in the case record, including the individual's statements, must be considered before a conclusion can be made about disability." *Id.* at [*]5.

In this case, the ALJ simply did not follow the directives of the Appeals Council. As the defendant argues, upon remand he did find that the plaintiff had "severe" impairments including cervical and lumbar disorders, pulmonary disorders, diabetes mellitus, hypertension, right eye blindness and obesity, which was dictated by the Order of Remand from the Appeals Council. (Tr. 19, Finding No. 2, 273-275). However, he did not, either in questioning the plaintiff at the second hearing or within the second decision in this case, specifically follow the steps for evaluation of the plaintiff's credibility, symptoms and pain. Failure to follow the criteria outlined in SSR 96-7p is cause for remand. The court is baffled as to why the ALJ would have made such a simple and avoidable error and would not merely have followed the steps routinely and by specific citation in order to avoid the cost, time and delay of having the case appealed to this court and remanded again. Nevertheless, the fact that the ALJ did not specifically follow and recite the necessary considerations in this case is cause for remand.

II.    The ALJ erred in declining to follow the requirements of the Appeals Council
       concerning the claimant's treating physician

The plaintiff next argues that even though the Appeals Council directed that the ALJ

"may request the treating source to provide additional evidence and/or further clarification of the

opinion and medical source statements about what the claimant can still do despite the

impairments (20 CFR 404.1512 and 416.912)," the ALJ chose not to request additional

information, electing instead to afford little or no weight to the treating physician's opinions.

[Plaintiff's Brief, Docket 16, p.7].  In considering the opinions of Dr. Cain, the plaintiff's
treating

physician, the ALJ stated:

>   The undersigned has considered the assessment of Dr. Cain (Exhibit 10F) to the
>   effect that the claimant could lift no more than ten pounds and could stand for
>   only one hour in an eight hour work day.  Dr. Cain expressly cited in support of
>   his assessment the claimant's "very bad" chronic obstructive pulmonary disease,
>   but the documentary record fails to show that he based his conclusion upon any
>   pulmonary function studies or other formal testing.  The documentary record
>   reveals to the contrary that the claimant presented essentially limited findings
>   upon repeated pulmonary function testing, and the file fails clearly to show that
>   Dr. Cain was aware of these studies when he expressed his assessment.  The
>   undersigned affords minimal weight to the assessment of Dr. Cain for the period
>   through July 2005.

(Tr. 17).  Although the defendant argues that the ALJ determined that he could not defer to the

opinion of Dr. Cain "because it was inconsistent with other evidence in the record," the

defendant cannot deny that the ALJ did not fulfill his duty in affording lesser weight to the

opinions of a treating physician.  Docket 17, pp 12 & 14.

An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the

evidence. . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a

claimant] is disabled.  20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide

8

"additional evidence or clarification" *will* be sought " [emphasis added by the court] when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

In order for an ALJ to properly afford lesser weight to the medical opinions of a treating physician, he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The fact that the ALJ did not follow these criteria, according to the plaintiff, makes his failure to afford controlling weight to the opinions of the treating physician an error as a matter of law. The only mention by the Commissioner regarding the plaintiff's argument that the ALJ failed to afford proper weight to the opinion of the plaintiff's treating physician is that "[t]he ALJ did not directly cite *Newton*. . . . [n]evertheless, the ALJ's decision reflects *some* of the factors from § 404.1527(d). " Docket 17, p. 14. The defendant goes on to discuss the reasons that the ALJ afforded minimal weight to Dr. Cain, arguing that there was substantial evidence to support his decision despite his failure to satisfy all requirements of the regulations, Social Security Rulings and applicable case law.

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); 20 C.F.R. § 404.1527(d)(2). Although the treating physician's opinion and diagnosis should be afforded

considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

*Newton* noted the factors that the ALJ must consider under the agency's own regulations before declining to give evidence of a treating physician controlling weight:

(1) the physician's length of treatment of the claimant,
(2) the physician's frequency of examination,
(3) the nature and extent of the treatment relationship,
(4) the support of the physician's opinion afforded by the medical evidence of record,
(5) the consistency of the opinion with the record as a whole; and
(6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d)(2). Social Security Administration Regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." The regulation is construed in SSR 96-2p, which states:

[A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

*See also Newton*, 209 F.3d at 456.

Under SSR 96- 5p, an ALJ must provide appropriate explanations when he declines to afford controlling weight to the treating physician's opinions. *Id.* In this case, the ALJ clearly reviewed Dr. Cain's records and all the medical evidence in the record as well documented through out his decision. However, the ALJ failed to specifically follow the criteria laid out in *Newton* or §§ 404.1527 and 416.927. Instead, he afforded weight to the assessment of the State Agency medical consultant regarding the period through July 2005 and on the assessment of Dr. Caldwell and Dr. Bennett from that time going forward. (Tr. 18 - 19).

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (*per curiam*) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). Even though the ALJ is afforded discretion when reviewing facts and evidence in a cause, the ALJ is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to claimant's residual functional capacity may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999). Finally, where an ALJ fails to provide appropriate explanations in not affording proper weight to a plaintiff's treating physicians' opinions, the case must be remanded. *Newton* 209 F. 3d at 456.

Although there actually may be substantial evidence to deny the plaintiff's claims, it is

unclear whether the ALJ considered all the necessary factors before failing to afford controlling weight to the opinion of plaintiff's treating physician. Without specific citations and a statement of good cause as required by 20 C.F.R. § 404.1527(d)(2), the court cannot afford the plaintiff a full and meaningful review of this appeal.  Further, it is clear that additional development of the record, specifically in the form of a medical source statement or opinion letter from the treating physician, would have been easily obtained, and probably helpful, had the ALJ sought such information.  In a case such as this, where the record is incomplete, and specifically where the information could be easily obtained, the Commissioner should contact an examining physician. 20 C.F.R. § 404.1509p(b) (2000).   In fact, the ALJ has a duty to seek clarification when a treating physician's report is incomplete or inadequate.  *Newton v. Apfel*, 209 F.3d 448 at 453. The court is of the opinion a Medical Source Statement/RFC assessment by Dr. Cain would have been helpful to the ALJ and potentially provided a more complete picture of the plaintiff's medical conditions and abilities as they relate to his potential for employment or benefits under the Social Security Act.   Simply mentioning *"some* of the factors from § 404.1527(d) "* and failing to follow *Newton* is sufficient to warrant remand of the ALJ's decision.  Again, this simple error is painfully easy for an ALJ to avoid.

The undersigned finds that decision of the Commissioner should be remanded for further proceedings after this specific information or opinion statement is obtained from Dr. Cain.  The ALJ is reminded that while elementary, rote consideration and citation of all necessary factors and requirements under applicable regulations is essential to ensuring all factors are fully and properly considered.

    III.       Plaintiff's Remaining Arguments

Because this action is being remanded to the ALJ for further consideration of the plaintiff's credibility, symptoms and pain under SSR 96-7p and for consideration of the treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

<u>CONCLUSION</u>

A final judgment in accordance with this memorandum opinion shall be issued this day.

This, the 23rd day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE